*IN THE UNITED STATES DISTRICT COURT*
*FOR THE EASTERN DISTRICT OF NEW YORK*

---

LATOYA CLARKE,

                      Plaintiff,   Docket No.

-against-

DOLLAR TREE STORES, INC.,

                      Defendant.

---

## *NOTICE OF REMOVAL*

      *AND NOW* comes defendant, DOLLAR TREE STORES, INC., by and through its attorneys, MINTZER, SAROWITZ, ZERIS LEDVA & MEYERS, LLP, and respectfully avers as follows:

      1.    The plaintiff has commenced a civil action against the defendant in the Supreme Court of the State of New York, County of Queens under Index No.: 708689/2022. Attached hereto and marked as **Exhibit "A"** is a true and correct copy of plaintiff's summons and complaint. Attached hereto and marked as **Exhibit "B"** is a true and correct copy of defendant's answer. The complaint, being the first pleading served in this case, was served on defendant on May 2, 2022. The first notice to defendant that plaintiff was seeking damages in excess of $75,000 was received by defendant in the form of plaintiff's Verified Bill of Particulars dated June 14, 2022 and received by the undersigned on June 20, 2022 (**Exhibit "C"**), claiming special damages in excess of $500,000**.** This notice of removal is therefore timely.

      2.    DOLLAR TREE STORES, INC. is a Virginia corporation with its principal place of business in Virginia.

      3.    It is alleged in the Complaint (Exhibit "A") that plaintiff is a resident of the County of Queens, State of New York and is therefore a domiciliary of the State of New York.

4.     In the complaint, plaintiff demanded damages in a sum that exceeds all jurisdictional limits of all lower New York State courts. Plaintiff's Verified Bill of Particulars claims damages in excess of $500,000. Thus this case seeks damages in excess of $75,000.00 exclusive of interest and costs.

5.     Diversity of citizenship exists between plaintiff, a New York domiciliary, and defendant, a domiciliary of Virginia. Further, diversity of citizenship existed at the time the action sought to be removed was commenced and continues to exist through the time of the filing of this notice. Defendant is therefore entitled to removal pursuant to 28 U.S.C. §1441.

6.     This action is being removed within thirty days after defendant became aware of the amount in controversy and, therefore, federal jurisdiction. This removal is therefore timely. 28 U.S.C. §1446(b)(3).

**WHEREFORE**, defendant respectfully requests that the above captioned action, now pending in the Supreme Court of the State of New York, County of Queens, be removed therefrom to this Honorable Court.

Dated:  Hicksville, New York
        July 11, 2022

                              Yours, etc.

                              _____
                              BRADLEY J. LEVIEN, ESQ. (BL-0503)
                              MINTZER, SAROWITZ, ZERIS LEDVA
                              & MEYERS, LLP
                              *Attorneys for Defendant*
                              17 West John Street, Suite 200
                              Hicksville, NY 11801
                              (516) 939-9200
                              File # 7062.0038

TO:    GREG GARBER, ESQ.
        GARBER LEGAL, PLLC
        *Attorney for Plaintiff*
        143 W. 29th Street - 5th Floor
        New York, NY 10001
        (212) 779-2740