FILED: QUEENS COUNTY CLERK 04/21/2022 05:35 PM INDEX NO. 708689/2022
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 04/21/2022
Case 1:22-cv-04058-KAM-RML   Document 1-2   Filed 07/11/22   Page 1 of 11 PageID #: 6

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------------X
LATOYA CLARKE,

                        Plaintiff(s),      **SUMMONS**

     -against-

                                                               INDEX NO.

                                                               FILED ON:

DOLLAR TREE STORES, INC.,

                        Defendant(s).
-----------------------------------------------------------------------X

**TO THE ABOVE NAMED DEFENDANT(S):**

        **YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or if the complaint is not served with this summons, to serve a notice of appearance, on the plaintiff's attorney, within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

        The basis of the venue designated is the **place of the accident**.

DATED:     New York, New York
                 April 21, 2022

                                                            Yours, etc.
                                                            GARBER LEGAL PLLC.

                                                            By: _____
                                                            GREG GARBER, ESQ.
                                                            Attorney for Plaintiff
                                                           143 W. 29th Street - 5th Floor
                                                           New York, N.Y. 10001
                                                           (212) 779-2740

Defendant's Address:
DOLLAR TREE STORES, INC. (secretary of state)
c/o CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NY 12207-2543

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
-----------------------------------------------------------------------X    INDEX NO.
LATOYA CLARKE,

                             Plaintiff(s),    **VERIFIED**
        -against-    **COMPLAINT**

DOLLAR TREE STORES, INC.,

                             Defendant(s).
-----------------------------------------------------------------------X

Plaintiff, by her attorney, GARBER LEGAL PLLC., complaining of the above named defendant respectfully alleges upon information and belief as follows:

**AS AND FOR A FIRST CAUSE OF ACTION,
PLAINTIFF, LATOYA CLARKE ALLEGES:**

1. That at all times hereinafter mentioned, plaintiff was and still is a resident of the County of Queens, City and State of New York.

2. That at all times hereinafter mentioned the defendant, DOLLAR TREE STORES, INC. was and still is a domestic corporation, duly organized and existing under and by virtue of the laws of the State of New York, and maintains an office for the transaction of business in New York State.

3. That at all times hereinafter mentioned, defendant, DOLLAR TREE STORES, INC. was a domestic corporation doing business in the State of New York with a place of business in the State of New York.

4. That at all times hereinafter mentioned, defendant, DOLLAR TREE STORES, INC. was and still is a duly organized foreign business corporation authorized to do business in the State of New York and transacting business in the State of New York.

5. That at all times hereinafter mentioned, defendant, DOLLAR TREE STORES, INC. was and still is a foreign business corporation transacting business in the State of New York with a place of business in the State of New York.

6. That on or about the 19th day of September, 2021, the defendant, DOLLAR TREE STORES, INC., was the owner of certain real property identified as 145-80 Farmers Blvd,

County of Queens, City and State of New York.

7. That on or about the 19th day of September, 2021, the defendant, DOLLAR TREE STORES, INC., managed certain real property identified as 145-80 Farmers Blvd, County of Queens, City and State of New York.

8. That on or about the 19th day of September, 2021, the defendant, DOLLAR TREE STORES, INC., maintained certain real property identified as 145-80 Farmers Blvd, County of Queens, City and State of New York.

9. That on or about the 19th day of September, 2021, the defendant, DOLLAR TREE STORES, INC., controlled certain real property identified as 145-80 Farmers Blvd, County of Queens, City and State of New York.

10. That at all times hereinafter mentioned, the aforementioned premises was and still is used for commercial purposes.

11. That at all times hereinafter mentioned, the aforementioned premises was and still is used for commercial and residential purposes.

12. That at all times hereinafter mentioned the aforementioned premises is a dwelling which is either let, leased, hired or rented to be occupied or is occupied by two or more families living independently of each other.

13. That at all times hereinafter mentioned, the aforementioned premises was and still is a retail store.

14. That on or about the 19th day of September, 2021, the defendant DOLLAR TREE STORES, INC. was the lessee of certain real property located at 145-80 Farmers Blvd, County of Queens, City and State of New York.

15. That on or about the 19th day of September, 2021, the defendant DOLLAR TREE STORES, INC. was the lessor of certain real property located at 145-80 Farmers Blvd, County of Queens, City and State of New York.

16. That on or about the 19th day of September, 2021, defendant DOLLAR TREE STORES, INC. operated a retail store at the premises located at 145-80 Farmers Blvd, County of Queens, City and State of New York.

17. That at all times hereinafter mentioned, the defendant, its servants, agents, and/or employees, managed, controlled, operated, and maintained certain real property and premises

identified as 145-80 Farmers Blvd, County of Queens, City and State of New York.

18. That on or about the 19th day of September, 2021 the defendant was under a duty to properly maintain and care for the aforementioned premises so that said premises were in a safe and proper condition and so that they were not dangerous to those who lawfully used them.

19. That on or about the 19th day of September, 2021, the plaintiff, while lawfully at said premises, was caused to slip and fall as a result of a hazardous, dangerous, trap-like condition, due to the negligence, carelessness and recklessness of the defendant, its agents, servants and/or employees.

20. That at all times hereinafter mentioned, and for some time prior thereto, the aforementioned premises were in a dangerous and unsafe condition, defendant having negligently and carelessly caused and permitted said premises to be and remain in said unsafe and dangerous condition.

21. That at all times herein after mentioned, and for some time prior thereto, the defendant, its agents, servants and/or employees had knowledge and written, actual and/or constructive notice of the aforementioned dangerous, hazardous and unsafe condition.

22. That at all times hereinafter mentioned, the defendant, its agents, servants and/or employees were negligent and guilty of culpable conduct in negligently and carelessly causing, creating and permitting said premises to be and remain in a hazardous, unsafe and dangerous condition; that the defendant, its servants, agents, and/or employees were careless, reckless, negligent and guilty of culpable conduct, in the ownership, operation, maintenance, and control of said premises; that the defendant, its servants, agents, and/or employees were careless, reckless, negligent and guilty of culpable conduct, in causing, creating, permitting, and/or allowing a dangerous, hazardous, slippery condition to be, continue, and remain upon said premises; in causing, allowing, creating, and/or permitting a hazard, menace, and a nuisance for persons lawfully at said premises, and in particular this plaintiff; in failing to train and hire competent personnel for the purpose of maintaining said premises; in failing to take reasonable measures necessary to prevent the creation of a hazardous condition for those persons lawfully at said premises, and in particular this plaintiff; in causing and allowing water to leak on the floor; in failing to adequately supervise those servants, agents, and/or employees who were present on the premises in order to protect against the creation, and/or allowance of a hazardous condition; in failing to post any warning signs or barriers;

in failing to properly inspect, maintain and clean said premises; in causing, permitting, and allowing said premises to exist and remain in an otherwise unsatisfactory condition, thereby constituting a concealed menace, nuisance, hazard and trap; in failing to adequately and reasonably supervise its servants, agents, and/or employees for the purpose of adequately and responsibly operating maintaining and controlling the premises; in failing to take the necessary and requisite steps to prevent this foreseeable occurrence; in failing to supervise the employees; in having both actual and/or constructive knowledge of the dangerous conditions complained of; in violating the applicable rules, statutes, and ordinances which governed the activities of the defendant at the time and place herein mentioned; and in otherwise being negligent.

23. That by reason of the foregoing, the plaintiff, was caused to and did sustain severe, painful and serious personal injuries in and throughout the limbs and body; became sick, sore, lame and disabled; was caused to suffer contusions, fractures, abrasions, lacerations, and sprains; was caused to suffer a severe shock throughout the nervous system and certain internal injuries; was caused to suffer and still continues to suffer great physical pain, mental anguish and bodily injuries; was confined to a hospital, bed and home for a long period of time; was compelled to undergo hospital and medical aid, treatment and attention and to expend diverse sums of money for same; has been prevented from engaging in said plaintiff's usual occupation and activities for a long period of time, all with attendant losses and since some of said injuries are of a permanent and long lasting nature, upon information and belief will continue to suffer continuous pain, suffering, inconvenience, loss of enjoyment of life, and damage in the future.

24. This action falls within one or more of the exceptions set forth in CPLR ss1602.

25. That the amount of said damages sustained by the plaintiff as a result of the aforesaid serious personal injuries and pecuniary loss are in a substantial sum of money to be determined by the court and jury.

26. That the amount of said damages sustained by the plaintiff as a result of the aforesaid exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction of this action.

**WHEREFORE,** plaintiff LATOYA CLARKE demands judgment against the

defendant on the First Cause of Action in an amount which exceeds the jurisdiction limits of all lower courts which would otherwise have jurisdiction over this action, together with interest, costs and disbursements of this action.

DATED:   New York, New York
April 21, 2022

>Yours, etc.
>GARBER LEGAL PLLC.
>
>By: _____
>GREG GARBER, ESQ.
>Attorney for Plaintiff
>143 W. 29th Street - 5th Floor
>New York, N.Y. 10001
>(212) 779-2740

## **ATTORNEY VERIFICATION**

I, the undersigned an attorney admitted to practice in the Courts of the State of New York, state that I am the principal of the law firm of GARBER LEGAL PLLC, the attorney of record for the plaintiff, LATOYA CLARKE in the within action; I have read the foregoing SUMMONS AND VERIFIED COMPLAINT, and know the contents thereof; the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters I believe them to be true. The reason this verification is made by me and not the plaintiff is that the plaintiff resides in a county other than where your affirmant maintains his law office.

The grounds of my belief, as to all matters not stated upon my own knowledge are as follows: review of file.

I affirm that the foregoing statements are true under penalties of perjury.

Dated:     New York, New York
           April 21, 2022

                                             _____
                                             GREG GARBER, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------------X
LATOYA CLARKE,

                      Plaintiff(s),

-against-

DOLLAR TREE STORES, INC.

                      Defendant(s).
------------------------------------------------------------------------X

Index No.

**CERTIFICATION**

      GREG GARBER, ESQ., an attorney duly admitted to practice law before the Courts of the State of New York, hereby certifies in accordance with 22 NYCRR Part 130-1.1-a of the Rules of the Chief Administrator that to the best of my knowledge, information and belief, which was formed upon personal knowledge of the facts and events that occurred and after a reasonable inquiry under the circumstances, the presentation of the SUMMONS AND VERIFIED COMPLAINT and its contents are not frivolous, as the term is defined in Part 130.

DATED:    New York, New York
               April 21, 2022

                                                 Yours, etc.
                                                 GARBER LEGAL PLLC.

                                                 By: _____
                                                 GREG GARBER, ESQ.
                                                 Attorney for Plaintiff
                                                 143 W. 29th Street - 5th Floor
                                                 New York, N.Y. 10001
                                                 (212) 779-2740

INDEX NO.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

LATOYA CLARKE,

                              Plaintiff(s),

-against-

DOLLAR TREE STORES, INC.

                              Defendant(s).

## SUMMONS AND VERIFIED COMPLAINT

GARBER LEGAL PLLC.
Attorney for Plaintiff
143 W. 29th Street - 5th Floor
New York, NY 10001
(212) 779-2740

Signature Pursuant to Rule 130.1.1.-a

GREG GARBER, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
------------------------------------------------------------------X     INDEX NO.
LATOYA CLARKE,

        Plaintiff(s),

   -against-


DOLLAR TREE STORES, INC.

        Defendant(s).
------------------------------------------------------------------X

**NOTICE OF ELECTRONIC FILING**
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts e-filing system, and

2) You are a Defendant/Respondent (a party) in this case.

**If you are represented by an attorney**:
Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

**If you are not represented by an attorney**:
**You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

**If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents**.

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically
- free access to view and print your e-filed documents
- limiting your number of trips to the courthouse
- pay any court fees on-line (credit card needed).

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at **www.nycourts.gov**

To find legal information to help represent yourself visit **www.nycourthelp.gov**

Page 1 of 2

**Information for Attorneys**

**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

    1) immediately record his or her representation within the e-filed matter on the NYSCEF site **www.nycourts.gov/efile**; or

    2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operated such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

DATED:    New York, New York
             April 21, 2022

                                                                     Yours, etc.
                                                                       GARBER LEGAL PLLC.

                                                                       By: _____
                                                                       GREG GARBER, ESQ.
                                                                       Attorney for Plaintiff
                                                                       143 W. 29th Street - 5th Floor
                                                                       New York, N.Y. 10001
                                                                       (212) 779-2740
                                                                       Email: GREG@GARBERLEGAL.COM

<u>Defendant's Address:</u>
DOLLAR TREE STORES, INC. (secretary of state)
c/o CORPORATION SERVICE COMPANY
80 STATE STREET
ALBANY, NY 12207-2543